**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| ST. CHARLES SURGICAL HOSPITAL, L.L.C. | * * * * |
| VERSUS | * * * |
| | *CIVIL ACTION NO. 2:18-cv-01861-ILRL-JCW * |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS/BLUE SHIELD OF LOUISIANA AND BLUE CROSS & BLUE SHIELD OF LOUISIANA, INC. | * * * * * * * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

**FIRST AMENDED AND/OR SUPPLEMENTAL COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, ST. CHARLES SURGICAL HOSPITAL, L.L.C. (hereinafter "Plaintiff"), a limited liability company which is licensed to do and doing business in the Parish of Orleans, State of Louisiana, who respectfully submits this First Amended and/or Supplemental Petition and represents that:

**PARTY DEFENDANTS**

Made defendants herein are:

A. LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, D/B/A BLUE CROSS/BLUE SHIELD OF LOUISIANA, a Louisiana corporation licensed to do and doing business in this Parish and this State; and

B. BLUE CROSS & BLUE SHIELD OF LOUISIANA, INC., a Louisiana corporation licensed to do and doing business in this Parish and this State.

The aforementioned defendants are hereinafter collectively referred to as "Defendants".

1

## NATURE OF ACTION

1. This matter arises out of Defendants' violation of La. R.S. 40:2010.

2. La. R.S. 40:2010, in pertinent part, states:

   *"No insurance company, employee benefit trust, self-insurance plan, or other entity which is obligated to reimburse the individual or to pay for him or on his behalf the charges for the services rendered by the hospital shall pay those benefits to the individual when the itemized statement submitted to such entity clearly indicates that the individual's rights to those benefits have been assigned to the hospital. When any insurance company, employee benefit trust, self-insurance plan, or other entity has notice of such assignment prior to such payment, any payment to the insured shall not release said entity from liability to the hospital to which the benefits have been assigned, nor shall such payment be a defense to any action by the hospital against that entity to collect the assigned benefits."*

3. Despite receiving notice that patients of Plaintiff (hereinafter collectively, the "Patients"), and insureds of Defendants, executed an Assignment of Benefits in favor of Plaintiff, Defendants issue payment directly to the Patients.

4. Despite efforts by Plaintiff to amicably resolve this issue, Plaintiff's entreaties have been to no avail.

## VENUE AND JURISDICTION

5. Venue is proper in this matter pursuant to La. C.C.P. arts. 42, 74 and 76.1. Defendants are entities doing substantial business in Louisiana.

## STATEMENT OF FACTS

6. On or about the date of treatment, the Patients of Plaintiff execute an Assignment of Benefits in accordance with La. R.S. 40:2010, authorizing direct payment to the Plaintiff for all

insurance and/or other plan or other health benefits that would have otherwise been payable to the Plaintiff.

7. The Patients are insureds of Defendants.

8. Prior to any payment being issued by Defendants, Plaintiff provides Defendants with notice of the Assignment of Benefits executed by the Patients.

9. Despite receiving such notice, Defendants have issued payments directly to the Patients.

11. Despite efforts by Plaintiff to amicably resolve this issue, Plaintiff's entreaties have been to no avail.

### CAUSE OF ACTION – VIOLATION OF LA. R.S. 40:2010

12. As a result of the foregoing, Defendants have violated La. R.S. 40:2010, and are liable to Plaintiff for an amount to be proven at the trial of this matter, plus judicial interest and any other damages permitted by this Honorable Court.

### JURY DEMAND

13. Plaintiff asserts that its damages exceed that necessary for a trial by jury, and therefore, request a jury trial.

### THE CLAIMS OF PLAINTIFF ARE BASED EXCLUSIVELY ON LOUISIANA STATE LAW AND DO NOT INVOLVE ANY SERVICE BENEFIT PLANS OR OTHER HEALTH INSURANCE PLANS FOR FEDERAL EMPLOYEES

14. This case arises and is brought exclusively under the laws of Louisiana, not the laws of the United States. Nothing pleaded herein alleges any relief governed by or available pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* or the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.,* or

federal common law, or any claims involving a federal officer. To the extent that any such claims may be even implied, Plaintiff expressly rejects such implications and expressly states that it does not and will not seek damages for any such claims and expressly waives same.

15. Plaintiff's claims do not relate to employee welfare benefit plans subject to federal law pursuant to either ERISA, 29 U.S.C. § 1132(a), or FEHBA, 5 U.S.C. § 8901 *et seq.,* and Plaintiff expressly waives same. Further, Plaintiff specifically does not seek any coverage determination or finding as to what benefits may be owed/not owed under any insurance policy to or on behalf of its patients. Plaintiff specifically refuses to plead and expressly waives any rights it may have against Defendants under any and all federal laws, either independently or on behalf of its patients.

16. Plaintiff does not seek to recover benefits under ERISA for its patients and expressly and hereby waives same.

17. Plaintiff does not seek to recover benefits from FEHBA-governed health benefits plans for its patients and hereby expressly waives same. Furthermore, Plaintiff does not seek to recover any amounts from Defendants' that are related to treatment of any patient who may have an FEHBA and/or ERISA insurance policy, and hereby expressly waives and disclaims such recovery.

18. Plaintiff is not and will not make a claim either expressly or impliedly against a federal officer arising out of his/her official duties and hereby expressly waives same. In fact, Plaintiff expressly waives any claims it may have suggesting that a federal officer did anything wrong, much less injure anyone, including Plaintiff, and hereby expressly waives same. Plaintiff further denies that any Plaintiff's patients/Defendants' customers were federal officers and do not

and will not seek any monies from Defendants for Defendants' failure to pay for same.  Further, if any Plaintiff's patient/Defendants' customer had a FEHBA health insurance policy, Plaintiff hereby expressly eliminates and separates that patient(s) and any corresponding medical bill(s) for treatment from this lawsuit and does not seek and will not accept a single cent for the failure of Defendants to pay Plaintiff same.  As such, Plaintiff expressly waives same.

## PRAYER

**WHEREFORE**, Plaintiff prays that Defendants be served with a copy of this Complaint, and after all legal delays and due proceeding had before a jury, there be judgment in favor of Plaintiff and against Defendants, jointly and solidarily, for the amount of damages proved at trial, together with legal interest, all costs of these proceedings, and for all other relief, including, but not limited to, attorneys' fees, as are appropriate.

Respectfully submitted,

**CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE, STAKELUM & HAYES, L.L.P.**

/s/ *Matthew A. Sherman*
JAMES M. WILLIAMS (BRN 26141)
DAVID R. SHERMAN (BRN 12015)
DANIEL E. BURAS, JR. (BRN 26226)
MATTHEW A. SHERMAN (BRN 32687)
PATRICK R. FOLLETTE (BRN 34547)
One Galleria Blvd., Suite 1100, Metairie, LA 70001
P. O. Box 931, Metairie, LA 70004-0931
Telephone: (504) 833-5600
Fax: (504) 833-8080
*ATTORNEYS FOR PLAINTIFF*